UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDWARD SETH TRZASKA, | Case No. 2:22-cv-00634-RFB-VCF |
| Petitioner, | |
| v. | ORDER |
| STATE OF NEVADA, et al., | |
| Respondents. | |

This *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 comes before the Court for initial review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Also before the Court is Petitioner Edward Seth Trzaska's Application for Leave to Proceed *in forma pauperis* (ECF No. 1). Following review of the petition, its attachments, and the state court records in Trzaska's criminal case and appeals,[1] the Court will order petitioner to show cause why it should not be dismissed as untimely.

I.  **IFP Application**

Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 fee is required to initiate a habeas action in a federal district court. The court may authorize a prisoner to begin a habeas action without paying the fee if he or she submits an IFP application on the approved form along with the appropriate supporting documentation: (1) a financial certificate signed by an authorized prison official, (2) a copy of the prisoner's trust account statement for the six-month period prior to filing, and (3) a financial affidavit and acknowledgement signed by the prisoner showing an inability to prepay fees and costs or give security for them. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

The Court has considered Petitioner's IFP application along with the attached financial

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts, which may be accessed by the public online at: www.clarkcountycourts.us and www.caseinfo.nvsupremecourt.us/public/caseSearch.do .

1

documents and concludes that he cannot pay the $5.00 filing fee. The IFP application will therefore be granted.

## II. Background

Trzaska challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). Pursuant to a guilty plea, the state court entered a judgment of conviction for grand larceny on February 4, 2015. The state court sentenced Trzaska under the small habitual criminal statute to a term of 60 to 190 months. Trzaska appealed. The Nevada Supreme Court affirmed the judgment of conviction on August 5, 2015.

Trzaska filed a state postconviction habeas petition on August 5, 2015 as well as a supplemental state postconviction habeas petition on April 28, 2016. The state district court denied the petition and Trzaska appealed. The Nevada Court of Appeals affirmed the judgment on June 11, 2019. Remittitur issued on July 8, 2019. Trzaska dispatched the instant federal habeas petition for filing on April 18, 2022. ECF No. 1-1.

## III. Order to Show Cause

Pursuant to Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The one-year limitation period, *i.e.*, 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *Id.* § 2244(d)(1)(A). For a Nevada prisoner who pursues a direct appeal, his conviction becomes final when the 90-day period for filing a petition for certiorari in the United States Supreme Court expires after a Nevada appellate court enters

judgment or the Nevada Supreme Court denies discretionary review. See Harris v. Carter, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); Shannon v. Newland, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13.

The AEDPA limitations period is tolled while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed for the period of time between finality of a direct appeal and the filing of a petition for post-conviction relief in state court because no state court proceeding is pending during that time. Nino v. Galaza, 183 F.3d 1003, 1006–07 (9th Cir. 1999); Rasberry v. Garcia, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). And no statutory tolling is allowed for the period between the finality of a post-conviction appeal and the filing of a federal petition. Nino, 183 F.3d at 1007.

Petitioner's conviction became final after the Nevada Supreme Court decided his direct appeal and the time expired for filing a petition for writ of certiorari with the United States Supreme Court on November 3, 2015. The federal statute of limitations began running the following day. Petitioner timely filed his state petition on August 24, 2015, tolling the AEDPA clock. As a result, zero days elapsed between the finality of the judgment and the filing of the state petition. The remaining 365 days of AEDPA limitations period were statutorily tolled during the pendency of all proceedings related to the state petition. Tolling ended on July 8, 2019, when the remittitur issued for the order of affirmance by the Nevada Court of Appeals. The AEDPA clock restarted the following day and expired 365 days later on July 8, 2020. The federal petition was mailed on April 18, 2022. Absent another basis for tolling or delayed accrual, Petitioner filed his petition more than 1 year and 9 months after the AEDPA limitations period expired. Petitioner must therefore show cause why the petition should not be dismissed with prejudice as time-barred.

In this regard, Petitioner is informed that the one-year limitation period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," Miranda v. Castro,

292 F.3d 1063, 1066 (9th Cir. 2002) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. E.g., Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003). Accord Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007).

Petitioner further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date or may be statutorily tolled. *See* 28 U.S.C. § 2244(d)(1)(B), (C), (D) & (d)(2).

Petitioner further is informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, i.e., tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. See McQuiggin v. Perkins, 569 U.S. 383 (2013); House v. Bell, 547 U.S. 518 (2006); Lee v. Lampert, 653 F.3d 929 (9th Cir. 2011) (en banc). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 624, 623 (1998).

**IT IS THEREFORE ORDERED:**

1. Petitioner Edward Seth Trzaska's Application for Leave to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

2. Trzaska must show cause in writing within 45 days of the date of entry of this order why this action should not be dismissed as untimely. If Trzaska does not timely respond to this order, the petition will be dismissed with prejudice without further notice. If Trzaska responds but fails to show specific, detailed, and competent evidence why the petition should not be dismissed as untimely, the action will be dismissed with prejudice.

3. Any assertions of fact Trzaska makes in response to this order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place,

that are not made in a declaration under penalty of perjury based upon personal knowledge, or that are not supported by competent evidence Trzaska filed in the federal record. Trzaska must attach copies of all materials upon which he bases his argument that the petition should not be dismissed as untimely. Unsupported assertions of fact will be disregarded.

DATED this 8 day of June 2022.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE