# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDWARD SETH TRZASKA,

        Petitioner,

v.

STATE OF NEVADA, *et al.*,

        Respondents.

Case No. 2:22-cv-00634-RFB-MDC

**ORDER**

    This habeas action is brought by Petitioner Edward Seth Trzaska under 22 U.S.C. § 2254. Respondents filed a Motion to Dismiss (ECF No. 27) the first amended petition as moot as a result of Trzaska's release from custody and to dismiss certain grounds as unexhausted and noncognizable[1] in federal habeas. Also before the Court is Respondents' Motion to Seal (ECF No. 30). For the reasons discussed below, the Court denies Respondents' motion to dismiss and grants their motion for leave to file exhibits under seal.

    **I.**    **Background**

    Trzaska challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County. Pursuant to a guilty plea, the state court entered a judgment of conviction for grand larceny related to the theft of automobile batteries in February 2015. The state court sentenced Trzaska under the small habitual criminal statute to a term of 60 to 190 months concurrent to sentences for other criminal cases. Trzaska entered into a global plea agreement wherein pending cases against Trzaska would be resolved and the State agreed not to seek habitual treatment against him. In addition to the grand larceny charge, the global plea agreement resolved

---

[1] Respondents, however, withdraw their assertion that Ground One is not cognizable, assuming Trzaska is not alleging an independent claim of ineffective assistance of post-conviction counsel. Similarly, Respondents withdraw their assertion that Trzaska's petition challenges more than one judgment of conviction.

charges for the possession of burglary tools and the possession of a stolen vehicle ("the Moped Case"), charges of auto burglary, a misdemeanor charge, charges of possession of credit/debit card without cardholder's consent and possession of stolen property, and a charge of attempt possession of stolen property.

Although Trzaska entered into a global plea agreement, the cases were not consolidated and the state conviction underlying this matter and the Moped Case had separate guilty plea agreements, including provisions that the State would regain the right to argue for any legal sentence if Trzaska does not appear for subsequent hearings or sentencing. The state court continued the sentencing hearings in both cases based on errors in the presentence investigation report ("PSI"). In October 2013, Trzaska was released from custody.

Trzaska's daughter died abruptly, and he did not appear for a status check in the Moped Case set for October 24, 2013, because he was in the hospital in New York. The state court issued bench warrants in both cases. Trzaska hitchhiked from New York back to Las Vegas to avoid the extradition process. While hitchhiking, he unlawfully entered a trailer to keep warm in Utah, was charged for such incident, and later pled guilty for a misdemeanor. By January 2014, Trzaska appeared in state court for both cases. The State filed a notice of intent to seek treatment as a habitual offender at sentencing.

The Nevada Supreme Court affirmed the judgment of conviction. Trzaska filed a motion to modify and/or correct illegal sentence that was denied. Trzaska filed a state postconviction habeas petition in August 2015 as well as a supplemental state postconviction habeas petition. The state district court denied the petition and Trzaska appealed. The Nevada Court of Appeals affirmed the judgment. Trzaska dispatched the instant federal habeas petition for filing on April 18, 2022. ECF No. 1-1.

## II. Discussion

### a. Mootness

The "case-or-controversy" requirement of Article III, § 2, of the United States Constitution requires that a habeas corpus petitioner must have a "personal stake in the outcome of the lawsuit." Spencer v. Kemna, 523 U.S. 1, 7 (1998). "Mootness is a jurisdictional issue, and federal courts

have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists." Foster v. Carson, 347 F.3d 742, 745 (9th Cir. 2003). Throughout the litigation, a petitioner "must have suffered, or be threatened with, an actual injury … likely to be redressed by a favorable judicial decision. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). When the relief sought is no longer available, the case becomes moot. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975).

Respondents assert that this case is moot because Trzaska's prison sentence has been discharged, he is no longer in custody, and he makes no allegation in his first amended petition that there is any continuing injury, or collateral consequence, remaining from the conviction he challenges. To satisfy the custody requirement, a petitioner must be in custody at the time the petition is filed in federal court. Spencer, 523 U.S. at 7-13. Respondents acknowledge that Trzaska was in custody at the time that he filed his federal habeas petition. Trzaska's release does not render his petition moot. He challenges a criminal conviction, and a wrongful criminal conviction is presumed to have "collateral consequences." See id. (finding that an ex-prisoner's habeas petition challenging his underlying conviction does not become moot upon his release due to the continuing consequences of a criminal record); see also Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968). Accordingly, Respondents' motion to dismiss the amended petition as moot is denied.

**b. Exhaustion**

A state prisoner first must exhaust state court remedies on a habeas claim before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. Coleman v. Thompson, 501 U.S. 722, 730-31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." Woods v. Sinclair, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. O'Sullivan, 526 U.S. at 844–45; Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003) (en banc). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts

that entitle the petitioner to relief.'" Woods, 764 F.3d at 1129 (quoting Gray v. Netherland, 518 U.S. 152, 162–63 (1996)); Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

Trzaska acknowledges that Grounds Two through 5 were not presented to the state courts but argues the claims are technically exhausted as he can demonstrate cause and prejudice under Martinez v. Ryan, 566 U.S. 1 (2012), to overcome the procedural default. A federal court need not dismiss a claim on exhaustion grounds if it is clear that the state court would find the claim procedurally barred. See Castille v. Peoples, 489 U.S. 346, 351 (1989); see also Dickens v. Ryan, 740 F.3d 1302, 1317 (9th Cir. 2014) (en banc) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court."). A claim may be considered procedurally defaulted if "it is clear that the state court would hold the claim procedurally barred." Sandgathe v. Maass, 314 F.3d 371, 376 (9th Cir. 2002). Where a petitioner has "procedurally defaulted" a claim, federal review is barred unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." Coleman, 501 U.S. at 750.

"Generally, post-conviction counsel's ineffectiveness does not qualify as cause to excuse a procedural default." Ramirez v. Ryan, 937 F.3d 1230, 1241 (9th Cir. 2019) (citing Coleman, 501 U.S. at 754-55). However, in Martinez, the Supreme Court created a narrow exception to the general rule that errors of post-conviction counsel cannot provide cause for a procedural default. See 566 U.S. at 16-17. "Under Martinez, the procedural default of a substantial claim of ineffective assistance of trial counsel is excused, if state law requires that all claims be brought in the initial collateral review proceeding ... and if in that proceeding there was no counsel or counsel was ineffective." Ramirez, 937 F.3d at 1241 (citing Martinez, 566 U.S. at 17). Nevada law requires prisoners to raise ineffective assistance of counsel ("IAC") claims for the first time in a state petition seeking post-conviction review, which is the initial collateral review proceeding for the purposes of applying Martinez. See Rodney v. Filson, 916 F.3d 1254, 1259-60 (9th Cir. 2019).

To establish cause and prejudice to excuse the procedural default of a trial-level IAC claim under Martinez, a petitioner must show that:

> (1) post-conviction counsel performed deficiently; (2) there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different, and (3) the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

Ramirez, 937 F.3d at 1242 (internal quotation omitted). The first and second "cause" prongs of the Martinez test are derived from Strickland v. Washington, 466 U.S. 668 (1984). See Ramirez, 937 F.3d at 1241. The Court's determination of the second prong—whether there was a reasonable probability that the result of the post-conviction proceedings would be different—is "necessarily connected to the strength of the argument that trial counsel's assistance was ineffective." Id. (quoting Clabourne v. Ryan, 745 F.3d 362, 377 (9th Cir. 2014), overruled on other grounds by McKinney v. Ryan, 813 F.3d 798, 819 (9th Cir. 2015) (en banc)). The third "prejudice" prong directs courts to assess the merits of the underlying IAC claim. See id. A procedural default will not be excused if the underlying IAC claim "is insubstantial," *i.e.*, it lacks merit or is "wholly without factual support." Id. (quoting Martinez, 566 U.S. at 14-16).

      Here, Trzaska would face multiple procedural bars if he were to return to state court with his unexhausted claims. See, e.g., Nev. Rev. Stat. § 34.726, 34.810. Trzaska advances only Martinez as a basis for excusing the anticipatory default of his ineffective assistance of counsel claims. The Court thus reads Trzaska's opposition as a concession that the only basis for cause as to any of the unexhausted ineffective assistance of trial counsel claims would be Martinez, and will consider Grounds Two through Five technically exhausted on that basis.

      Trzaska and Respondents, in the alternative, request deferring ruling on whether Grounds Two through Five are procedurally defaulted given the fact-intensive nature of the claim. The Court agrees that consideration of whether Trzaska can overcome the procedural default of Grounds Two through Five are intertwined with the merits of the claim. Accordingly, the Court defers a determination on whether Trzaska can demonstrate cause and prejudice until the time of merits determination. Respondents may renew the procedural default argument as to Grounds Two through Five in their answer.

### III. Motion to Seal

Respondents seek leave to file under seal four documents within the index of exhibits, Trzaska's Pre-Sentence Investigation Report ("PSI"), Exhibit 13 (ECF No. 32-1); Supplemental PSI, Exhibit 23 (ECF No. 32-2); Second Supplemental PSI, Exhibit 36 (ECF No. 32-3); and Third Supplemental PSI, Exhibit 37 (ECF No. 32-4). Under Nevada law, the PSI is "confidential and must not be made a part of any public record." Nev. Rev. Stat. § 176.156(5).

Having reviewed and considered the matter in accordance with <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172 (9th Cir. 2006), and its progeny, the Court finds that a compelling need to protect Trzaska's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records. Exhibits 13, 23, 36, and 37 are considered properly filed under seal.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 27) is **DENIED**. A decision on whether Trzaska can demonstrate cause and prejudice under <u>Martinez</u> for Grounds Two through Five is **DEFERRED** until after the Parties have submitted their answer and replies. Respondents may reassert the procedural default argument with respect to those claims in their answer.

**IT IS FURTHER ORDERED** that Respondents' Motion to Seal (ECF No. 30) is **GRANTED**. Exhibits 13, 23, 36, and 37 are considered properly filed under seal.

**IT IS FURTHER ORDERED** that Respondents have **60 days** from the date of entry of this order to file their answer. Trzaska will have **30 days** from the date on which the answer is served to file a reply.

**DATED:** September 13, 2024



**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**