AARON D. FORD
  Attorney General
YANPENG WANG (Bar No. 17022C)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717
Phone: (775) 684-1254
Fax: (775) 684-1108
ywang@ag.nv.gov
*Attorneys for Respondent*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

EDWARD SETH TRZASKA,

                Petitioner,

     vs.

STATE OF NEVADA, *et al.,*

                Respondents.

Case No. 2:22-cv-00634-RFB-VCF

**ANSWER**

Respondents, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, answer the remaining grounds in Edward Seth Trzaska's (Trzaska) first amended federal habeas petition. ECF No. 21. This answer is based on the following points and authorities, together with all other pleadings, papers and exhibits on file.

## POINTS AND AUTHORITIES

## INTRODUCTION

Trzaska fails to demonstrate he is entitled to relief. First, the Nevada Court of Appeals properly rejected his claim in Ground One that trial counsel failed to investigate the Auto Battery Case and regarding advice to plead guilty. Trzaska did not identify what additional investigation counsel failed to conduct, and his own admission during the plea colloquy contradicts his claims about the battery's value. He also fails to show prejudice, as he fails to demonstrate that he would have rejected the plea and gone to trial.

Second, Trzaska fails to overcome the procedural bars applied to the technically exhausted allegations in Grounds Two through Five based upon ineffective assistance by post-conviction counsel.

He cannot demonstrate that any of these claims were stronger than those presented in his state habeas petitions; therefore, state post-conviction counsel was not ineffective.

Third, Ground Two, in which Trzaska alleges trial counsel failed to argue the prosecution should hold to the original plea negotiations, is unavailing. Trzaska fails to demonstrate either deficient performance or prejudice. Rather, trial counsel diligently argued in favor of the original plea and against the claim that Trzaska violated the plea agreement. This is despite the fact that Trzaska failed to meet two of the minimum requirements in the agreement, which permitted the prosecution to seek habitual criminal treatment. Trzaska cannot show prejudice, as his failure to appear and the Utah convictions independently triggered the habitual criminal provision.

Fourth, Ground Three, in which Trzaska alleges trial counsel failed to challenge deficiencies in the notice to seek habitual criminal treatment, lacks merit because Trzaska fails to demonstrate either deficient performance or prejudice. The prosecution timely clarified the clerical error in the habitual criminal notice, and any objection would have been futile, as the court would likely have allowed the prosecution to amend the notice. Trzaska cannot demonstrate prejudice, as the court imposed the habitual criminal enhancement based on the correct charge, and the clerical error did not impact the outcome of his sentencing.

Fifth, Ground Four is also without merit, as Trzaska fails to demonstrate that trial counsel was deficient in failing to challenge the habitual criminal sentence as cruel and unusual punishment under the Eighth Amendment. Trial counsel argued for a reduced sentence based on mitigating factors, and an Eighth Amendment objection would have been futile. The sentence was within statutory limits and appropriately based on Trzaska's criminal history; therefore, no prejudice resulted.

Finally, Ground Five fails because trial counsel's failure to challenge the prosecution's use of unnoticed convictions was not deficient. The prosecution produced the judgments relied upon in the notice, which rendered Trzaska eligible for the large habitual enhancement and was thereafter free to argue based on Trzaska's entire criminal history. Trzaska cannot show prejudice, as the court validly applied the habitual criminal enhancement based on Trzaska's prior convictions.

/ / /

/ / /

**STATEMENT OF THE FACTS**

On June 25, 2012, Trzaska stole a total of eight car batteries from local businesses (Auto Battery Case). ECF No. 22-3; *see* ECF No. 28-28 at 4-5.[1] Six months later, on January 10, 2013, during an inventory of Trzaska's vehicle following an arrest for traffic infractions, law enforcement discovered property stolen from a vehicle in December 2012 (Credit Card Case). *See* ECF No. 28-28 at 5, 20-21. Then, on May 4, 2013, law enforcement arrested Trzaska after they found him in possession of a moped stolen from the Orleans Casino, along with burglary tools (Moped Case).[2] ECF No. 22-2; *see* ECF No. 28-28 at 5-6. A few months later, on December 3, 2013, the owner of an RV in Utah discovered several items missing after he saw Trzaska walking away from the RV (Utah Case). *See* ECF No. 28-28 at 6, 26-45.

**STATEMENT OF THE CASE**

**I.    Trzaska Pled Guilty to Grand Larceny.**

On May 28, 2013, the prosecution filed an information charging Trzaska with one count of Grand Larceny in the Auto Battery Case. ECF No. 22-3. Two days later, on May 30, 2013, Trzaska entered a global plea agreement, pleading guilty to Grand Larceny in the Auto Battery Case and to Possession of a Stolen Vehicle in the Moped Case. ECF No. 22-4.

Under the terms of the global plea agreement, the parties stipulated to concurrent sentences of 22 to 55 months in the Nevada Department of Corrections (NDOC). ECF No. 22-4. The prosecutor also agreed not to seek habitual criminal adjudication, not to pursue additional charges for two uncharged crimes[3], and to dismiss the three felony counts in the Credit Card Case. *Id.*

The plea agreement further included conditions which, if met, would allow the prosecution to argue for any lawful sentence, including habitual criminal adjudication, including (1) if Trzaska failed to appear at any subsequent hearings in the Auto Battery Case, or (2) if a magistrate found probable cause

---

[1] Justice Court Case No. 12F15734X; State District Court Case No. C-13-290065-1.

[2] Justice Court Case No. 13F07194X; State District Court Case No. C-13-289973-1.

[3] Pursuant to the plea agreement, the prosecution agreed not to proceed on charges regarding an automobile burglary under LVMPD Event No. 1212101611 or misdemeanor charges under LVMPD Event No. 1208140788. ECF No. 22-4.

for new criminal charges against Trzaska before sentencing. ECF No. 22-4 at 3. Trzaska, his attorney, and the prosecutor signed the agreement. *Id*. at 7-8.

The court continued the sentencing scheduled for September 16, 2013, due to issues raised in the Moped Case regarding the presentence investigation report (PSI), as the court intended to rely upon the same report. ECF No. 28-2. The court continued sentencing again on October 7, 2013, due to continuing issues with the PSI. *Id*.

In November 2013, when Trzaska failed to appear for sentencing in the Moped Case, the court issued a no-bail bench warrant. ECF No. 28-28 at 3-4.

On December 4, 2013, in the Utah Case, a Utah magistrate found probable cause to charge Trzaska with several misdemeanors related to the RV property thefts. ECF No. 28-28 at 26-29. Trzaska pleaded guilty to misdemeanor Burglary of a Vehicle and misdemeanor Theft on December 18, 2013. *Id*. at 39.

When Trzaska failed to appear at his sentencing hearing for the Auto Battery Case on December 16, 2013, the court issued a no-bail bench warrant for his arrest. ECF Nos. 28-2 at 22, 28-19 at 3. He appeared in court on January 8, 2014, and apologized for absconding. ECF No. 28-2 at 23.

In the Auto Battery Case, because Trzaska's actions triggered the plea agreement provision permitting the prosecution to seek other lawful punishment, the prosecution filed a notice of intent to seek habitual criminal treatment on January 23, 2014. ECF No. 22-8. The prosecution listed three prior Nevada convictions. *Id*. at 3.

After retaining new counsel, Mace J. Yampolsky (Yampolsky), Trzaska moved to withdraw his guilty plea. *See* ECF Nos. 28-24, 28-27; *See also* ECF No. 28-25 (motion to withdraw filed in Moped Case). In the motion, Trzaska argued that he was out of town due to his daughter's death when the bench warrant issued in the Moped Case in November 2013 and "did not realize he faced far more serious crime and habitual offenses treatment" while attending her funeral. ECF No. 28-27 at 4, 6. He further claimed the notice of intent violated the plea agreement, and that he entered the global plea agreement in the first place only because the prosecution threatened to seek habitual criminal enhancement. *Id*. at 4, 5.

At the May 2014 hearing on Trzaska's motion in the Auto Battery Case, the court found no basis to show the plea was not entered freely and voluntarily or that Trzaska did not understand its nature and

consequences. ECF No. 28-29 at 2-7 at 7. The court noted that, at the time of the plea, Trzaska acknowledged the consequences of failing to appear or committing new crimes and highlighted his subsequent Utah convictions and sentencing. *Id.* The court further emphasized that, even if Trzaska's failure to appear was due to his daughter's funeral, he committed the Utah crimes after entering the plea agreement. *Id.* at 8. The court denied the motion. *Id.* at 9; ECF No. 28-30.

On November 25, 2014, the court sentenced Trzaska to 22 to 60 months in the Moped Case. ECF No. 22-9.

At the rescheduled sentencing hearing for the Auto Battery Case on January 12, 2015, the prosecutor sought habitual criminal treatment. ECF No. 28-41 at 4-5. The prosecutor presented evidence of six prior felony convictions and requested large habitual criminal treatment. *Id.* The prosecutor also noted the sentence Trzaska received in the Moped Case, though incorrectly referenced as 24 to 60 months. *Id.* at 8. Following arguments by the attorneys and Trzaska, the state district court adjudicated Trzaska as a small habitual criminal under Nev. Rev. Stat. 207.010(1)(a), which required proof of two prior felony convictions and a sentencing range of 5 to 20 years. ECF No. 28-41 at 14-15. The court then sentenced Trzaska to 60 to 190 months in NDOC. ECF No. 22-11. The court filed the judgment of conviction on February 4, 2015. *Id.*

## II. The Nevada Appellate Courts Repeatedly Affirmed Trzaska's Conviction and Sentence.

### A. Direct Appeal.

On direct appeal, Trzaska argued that his sentence under the small habitual criminal statute was inappropriate and unjust under the totality of the circumstances. ECF No. 28-54. Alternatively, he asserted that the state district court abused its discretion in imposing the sentence. *Id.* On August 5, 2015, the Nevada Court of Appeals affirmed Trzaska's conviction and sentence. ECF No. 22-12.[4] Remittitur issued on August 31, 2015. ECF No. 22-15.

### B. State Habeas Petition.

On August 24, 2015, Trzaska filed a proper person state habeas petition. ECF No. 22-13. Subsequently, through counsel, he filed a first and second supplemental petitions. ECF Nos. 22-16, 22-

---

[4] Case No. 67352-COA.

19. Following an evidentiary hearing, the state district court denied Trzaska's original and supplemental habeas petitions. ECF No. 30-15.

On appeal, Trzaska raised two claims: (1) the state district court erred by failing to find ineffective assistance of counsel at sentencing, and (2) the state district court erred by rejecting his claim that his plea was not knowingly and voluntarily entered. ECF No. 22-22 at 15, 18. On June 11, 2019, the Nevada Court of Appeals affirmed the state district court's denial of the petitions in their entirety. ECF No. 22-24.[5] Remittitur issued on July 8, 2019.  ECF No. 22-25.

### C.    Motions to Modify.

Trzaska filed his first motion to modify and/or correct an illegal sentence on August 17, 2016. ECF No. 29-29. The state district court denied the motion on November 18, 2016. ECF No. 29-32. Trzaska did not appeal.

On March 21, 2017, Trzaska filed a second motion to modify and/or correct an illegal sentence. ECF No. 29-48. The state district court again denied the motion. ECF No. 30-3. On appeal, Trzaska challenged the habitual criminal adjudication, but on October 11, 2017, the Nevada Court of Appeals affirmed the state district court's denial of his motion. ECF No. 30-8.[6] Remittitur issued on December 14, 2017.  ECF No. 30-11.

On March 2, 2022, Trzaska filed a *pro se* motion to modify credits, and the state district court orally granted the motion, ordering the inclusion of an additional 57 days of pre-sentence credit. ECF No. 22-5 at 78. The court subsequently filed an amended judgment of conviction on April 24, 2022, reflecting this modification.  ECF No. 22-27.

### III.    Trzaska Initiated the Instant Federal Action.

On or about April 18, 2022, Trzaska mailed, or handed to a correctional officer for mailing, his original federal habeas petition. ECF No. 7. Following the appointment of counsel, he filed a first-amended federal habeas petition on May 24, 2023, which serves as the operative petition. ECF No. 21. Trzaska now raises the following five grounds for relief:

---

[5] Case No. 75811-COA.

[6] Case No. 71903-COA.

1

2

Ground One: Counsel was ineffective for failing to investigate the charges against Trzaska in the Auto Battery Case and inform Trzaska of defenses before advising him to take a plea.

3

4

Ground Two: Counsel was ineffective for failing to argue that the State should honor the original plea negotiations in the Auto Battery Case.

5

6

Ground Three: Counsel was ineffective for failing to challenge the State's defective notice to seek habitual offender treatment for the Auto Battery Case.

7

8

Ground Four: Counsel was ineffective for failing to challenge the habitual offender treatment in this case as cruel and unusual under the Eighth Amendment.

9

10

Ground Five: Counsel was ineffective for failing to challenge the State's use of unnoticed convictions at sentencing or the staleness of one of the convictions.

11

*Id.*

12

      Respondents moved to dismiss Trzaska's first-amended federal habeas petition. ECF No. 27. This

13

Court denied the motion but deferred ruling on whether Trzaska can demonstrate cause and prejudice

14

under *Martinez*[7] for Grounds Two through Five. ECF No. 45. Respondents now submit their answer to

15

the claims raised in the amended petition.

16

**THE MERITS**

17

**I.      Applicable Law.**

18

     **A.      AEDPA Governs this Court's Review of Trzaska's Petition.**

19

      This action is governed by AEDPA, which limits the authority of federal courts to grant habeas

20

corpus relief to a state prisoner except "where there is no possibility fair-minded jurists could disagree

21

that the state court's decision conflicts with [Supreme Court] precedents." *See Harrington v. Richter*, 562

22

U.S. 86, 102 (2011); *see also Johnson v. Williams*, 568 U.S. 289, 300 (2013) (extending *Richter*

23

presumption of a denial on the merits to cases with reasoned decisions).

24

      28 U.S.C. § 2254(d) states:

25

26

27

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

28

---

[7] *Martinez v. Ryan*, 566 U.S. 1 (2012).

7

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(d) creates a "highly deferential standard for evaluating state court rulings." *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997). This heightened standard reflects the view that habeas corpus is reserved as "'a guard against *extreme malfunctions* in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 562 U.S. at 102 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)) (emphasis added). The writ is not available just because a federal court disagrees with a state court decision. *Williams v. Taylor*, 529 U.S. 362, 410-11 (2000). Rather, as clearly stated in the statute, it is only available when the state court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The clearly established Supreme Court precedent must offer a holding, not merely dictum, that "squarely addresses" the issue raised by the petitioner in his federal habeas action and provides a "clear answer to the question presented." *Wright v. Van Patten*, 552 U.S. 120, 125 (2008) (*per curiam*). If no Supreme Court case squarely addressed, and provided a clear answer to, the petitioner's claim when the state court adjudicated the claim, then the state court's decision cannot contradict or unreasonably apply "clearly established federal law." *Id.* at 126; *see also Greene v. Fisher*, 565 U.S. 34, 38 (2011). In such cases, § 2254(d)(1) bars habeas corpus relief on the petitioner's claim.

Under the "unreasonable application" clause, a federal court may grant a writ "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 365. The state court's "unreasonable application" of Supreme Court precedent must be more than merely incorrect or erroneous. *Id.* at 410. Rather, it must be so unreasonable no fair-minded jurist would agree with it. *Richter*, 562 U.S. at 101-102. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

8

The Supreme Court has cautioned the lower courts against "framing our precedents at such a high level of generality" regarding clearly established Supreme Court precedent. *Nevada v. Jackson*, 569 U.S. 505, 512 (2013). A circuit court may not consult its own precedents, rather than those of the Supreme Court, in assessing a habeas claim brought pursuant to 28 U.S.C. § 2254. *White v. Woodall*, 572 U.S. 415, 420 n.2 (2014). If there are any other reasonable inferences that can be drawn from the relevant precedent, the principle is not clearly established under 28 U.S.C. § 2254(d). *See id*. at 1702– 05.

The state trial and appellate courts' factual findings are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007). "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). In *Pinholster*, the Court reasoned that the "backward-looking language" present in § 2254(d)(1) "requires an examination of the state-court decision at the time it was made," and, therefore, the record under review must be "limited to the record in existence at that same time, *i.e.*, the record before the state court." *Id*. at 182.

State courts are presumed to know and follow the law. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). The "highly deferential standard for evaluating state-court rulings" adopted by Section 2254(d) demands state court decisions "be given the benefit of the doubt." *Id*. A state court need not cite to Supreme Court cases nor even be aware of Supreme Court cases. *Early v. Packer*, 537 U.S. 3, 8 (2002). Accordingly, a state court's decision will stand "so long as neither the reasoning nor the result of the state-court decision contradicts" clearly established Supreme Court precedent. *Id*

## B.    Ineffective Assistance of Counsel Standard of Review.

For a habeas petitioner to prevail on a claim of ineffective assistance of counsel, he must demonstrate that his trial counsel's representation fell below an objective standard of reasonableness and that, but for any errors, the results would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The petitioner must prove both deficient performance and prejudice to the defense. *Bell v. Cone*, 535 U.S. 685, 695 (2002).

To prove the first prong, the challenger bears the burden of showing that counsel's errors were so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth

Amendment. *Strickland*, 466 U.S. at 687. Under AEDPA, the petitioner must show that the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Cone*, 535 U.S. at 698-99.

Review of an attorney's performance must adopt counsel's perspective at the time of the challenged conduct to avoid the "distorting effects of hindsight." *Strickland*, 466 U.S. at 689. The Court is required to "reconstruct the circumstances of counsel's challenged conduct" and to "evaluate the conduct from counsel's perspective at the time." *Id*. A court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. (citation omitted). Surmounting *Strickland*'s high bar is never an easy task. *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010).

As to prejudice, it is not enough to show that the errors had some conceivable effect on the outcome of the proceedings. Rather, in the context of guilty pleas, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The petitioner has the burden to show there is no reasonable argument he received effective assistance of counsel under *Strickland*'s deferential standard. *Richter*, 562 U.S. at 105. There are countless ways to provide effective assistance in any given case. "Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland*, 466 U.S. at 689. As a result, "[t]he question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Richter*, 562 U.S. at 105 (internal quotations and citation omitted). The petitioner must demonstrate that the Nevada appellate court's ruling on the claim was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103.

/ / /

/ / /

/ / /

10

The standards for *Strickland* and 28 U.S.C. § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. *Strickland*, 466 U.S. at 689; *Pinholster*, 563 U.S. 170 at 190 (citation omitted). Federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Pinholster*, 563 U.S. at 182-85.

## II.     The Nevada Court of Appeals Properly Rejected Trzaska's Claim That Trial Counsel Was Ineffective in Investigating the Auto Battery Case and Advising Him to Plead Guilty.

In Ground One, Trzaska claims he received ineffective assistance of trial counsel, violating his federal constitutional rights, when counsel failed to investigate the charges in the Auto Battery Case and to inform him of available defenses. ECF No. 21 at 12-14. Specifically, he claims that counsel failed to investigate whether the value of the stolen batteries exceeded $650—the statutory threshold for Grand Larceny under Nevada law. Trzaska further asserts that, had counsel conducted even a minimal investigation or properly advised him of his trial defenses, he would not have pled guilty, gone to trial, avoided a felony conviction, and escaped habitual criminal sentencing. *Id.*

### A.     Trial Counsel Was Not Deficient.

Here, Trzaska fails to identify any specific investigation that trial counsel did not conduct or, if counsel failed to investigate, what the results would have revealed. Of importance, at no time has Trzaska provided an alternative value for the batteries in question. At most, he noted that the batteries were from old vehicles but failed to prove that these batteries were the only ones ever installed in the vehicles in question and that they had not been replaced at some point. *See* ECF No. 28-40 at 6. Thus, he fails to prove the actual age of the batteries in question. Trzaska provides nothing more than bald speculation that the eight batteries did not meet the $650 minimum value charged by the prosecution.

Additionally, counsel in the Moped Case testified at the state evidentiary hearing that he was aware of Trzaska's concerns regarding the value of the batteries, as they were worn and removed from old cars. ECF No. 30-13 at 13. Counsel discussed the evidence in the Moped Case, and it was Trzaska who decided to take the global plea deal that included multiple cases. *Id.* at 14. Counsel further testified that, had he believed the prosecution's case was unlikely to result in a conviction, he would not have advised his client to plead guilty. *Id.*

/ / /

11

The plea colloquy in the Auto Battery Case further demonstrates that trial counsel's performance was not deficient. At the initial arraignment hearing, the court conducted a thorough colloquy, confirming that Trzaska comprehended both the strength of the evidence against him and the full ramifications of accepting the plea. ECF No. 28-12 at 3-7. Trzaska explicitly acknowledged the value of the stolen batteries exceeded $650, and pled guilty to the Grand Larceny. *Id*. at 6-7. He further affirmed that he discussed his case with counsel, understood his rights, and had no additional questions. *Id*. at 6. Based on this, the court properly concluded that Trzaska entered the plea knowingly and voluntarily. *Id*. at 7.

Trzaska has the burden to overcome the presumption that trial counsel's actions were sound trial strategy. *Strickland*, 466 U.S. at 689. He has failed to meet this burden. Aside from mere speculation, Trzaska has not articulated what further investigation counsel failed to conduct or how such an investigation would have impacted Trzaska's decision to plead guilty. Additionally, he has neither provided an alternative valuation for the batteries nor demonstrated that their value was less than $650. On the contrary, his own statements during the plea colloquy and in the plea agreement, in which he acknowledged that the batteries' value exceeded $650, directly contradict any such claim. Therefore, Trzaska fails to establish that trial counsel was deficient with respect to the value of the batteries.

### B. Trzaska Fails to Demonstrate Prejudice.

Even assuming, *arguendo*, that trial counsel's performance was deficient, Trzaska cannot demonstrate a reasonable probability that, had counsel conducted further investigation into the value of the stolen batteries or presented alternative defenses, he would have rejected the plea agreement and opted for trial. *Hill*, 474 U.S. at 59.

As discussed in the preceding subsection, Trzaska explicitly acknowledged during the plea colloquy that the value of the stolen batteries exceeded $650, a fact central to the Grand Larceny charge. ECF No. 28-12 at 6-7. Trzaska confirmed his understanding of the evidence against him and did not contest the value of the batteries at the time of the plea. *Id*.   Trzaska agreed to the plea terms, acknowledging that he had discussed his case with counsel, understood his rights, and had no further questions. *Id*. at 5-7. These admissions demonstrate that Trzaska was fully aware of the strength of the prosecution's case, including the substantial evidence supporting the charge, and the likelihood of a conviction if he proceeded to trial. His voluntary and knowing entry into the plea agreement, with a clear

understanding of the charges and the potential consequences, shows that he made an informed decision to accept the plea rather than risk trial.

Moreover, Trzaska fails to provide a reasonable basis for rejecting the plea in favor of trial. He also fails to identify specific evidence or defenses that would have caused him to reject the plea. Throughout the state proceedings, Trzaska consistently failed to present concrete evidence disputing the value of the batteries, establish a viable defense to the Grand Larceny charge, or demonstrate that an investigation into the value of the batteries would have resulted in a different outcome. At most, Trzaska's assertions remain speculative and fail to meet the standard established in *Hill*.

Further complicating his claim is the fact that Trzaska benefited significantly from the plea agreement. At the time of plea negotiations, he faced three separate cases, each carrying the potential for large habitual criminal treatment due to his extensive criminal history. ECF No. 22-4 at 2. By accepting the plea, Trzaska escaped habitual criminal adjudication, and the prosecutor agreed to dismiss another case and not to pursue additional charges, which further reduced his overall exposure to potential penalties. These significant benefits weigh heavily in favor of Trzaska's decision to plead guilty and undermine any claim of prejudice he now asserts.

Finally, had Trzaska gone to trial, he would have faced considerable uncertainty. Again, he presented no concrete evidence challenging the value of the batteries or a coherent defense. At the evidentiary hearing, Trzaska could not explain to the court how counsel's alleged deficiencies prejudiced him. ECF No. 30-13. at 90. He also does not demonstrate that the prosecution's case was particularly weak or that a jury would not have found him guilty of the Grand Larceny charge. His vague assertions about the age and value of the batteries do not establish a valid defense or weaken the prosecution's case. Thus, no reasonable basis exists to conclude that Trzaska would have opted for trial for a more favorable outcome.

## C.    The State Courts Properly Found Trial Counsel Was Not Ineffective.

Following the evidentiary hearing, the state district court found Trzaska's testimony lacked credibility, credited the testimony of trial counsel, and made the following factual findings. *See* ECF No. 30-15. First, the court found that the record refuted Trzaska's claim of ineffective assistance based on lack of communication. *Id*. at 10-11. By signing the guilty plea agreement, Trzaska affirmed that trial

counsel discussed possible defenses with him, answered all his questions, and that he entered the plea voluntarily. *Id*. at 11. During the plea canvass, Trzaska further confirmed that he reviewed and understood the agreement, discussed his case with counsel, and had no questions about the plea negotiations. Based on this record, the court properly denied Trzaska's claim. *Id*.

Second, the state district court also rejected Trzaska's claim that trial counsel was ineffective for failing to investigate. ECF No. 30-15 at 13-14. The court found that, contrary to Nevada law, Trzaska merely alleged that counsel should have investigated the value of stolen batteries but failed to identify what such an investigation would have revealed or how it would have impacted the case. Because Trzaska did not present any evidence that additional investigation would have exonerated or exculpated him, the court properly rejected this claim. *Id*.

Finally, the state district court determined that Trzaska failed to establish prejudice. ECF No. 30-15 at 14-15. The court noted that Trzaska had three separate cases, facing multiple felony and misdemeanor charges, and was eligible for habitual criminal treatment. *Id*. Through a global plea agreement, however, he secured concurrent sentences and avoided habitual criminal adjudication. *Id*. at 15. Additionally, at the evidentiary hearing, when asked if he could show that the outcome would have been different had the case gone to trial, Trzaska conceded that he could not. Based on this, the court found no reasonable probability that, but for counsel's alleged errors, Trzaska would have rejected the plea and proceeded to trial. *Id*.

The Nevada Court of Appeals upheld the state district court's denial of Trzaska's claims that trial counsel failed to investigate and inform him of potential defenses.

First, Trzaska argued that trial counsel failed to communicate with him about the case, potential defenses, and plea agreement. ECF No. 22-24 at 4-5. The appellate court properly found that, at the evidentiary hearing, trial counsel testified that he discussed the evidence, explained the penalties, and reviewed the plea agreement with Trzaska. The appellate court also noted that the state district court determined trial counsel's testimony credible and Trzaska not. Further, the appellate court considered that during the plea canvass, Trzaska acknowledged understanding of the plea agreement, discussing his case and rights with counsel, and having no questions. By signing the agreement, Trzaska affirmed that

/ / /

trial counsel addressed potential defenses and answered all his questions. Therefore, the appellate court concluded that the state district court properly rejected this claim. *Id*.

Second, Trzaska claimed trial counsel failed to investigate his case and any potential defenses. The appellate court found that Trzaska failed to demonstrate deficient performance or prejudice. ECF No. 22-24 at 5. Specifically, Trzaska failed to question counsel about any failure to investigate during the evidentiary hearing, and Trzaska failed to explain what additional investigation would have uncovered or how it would have changed the outcome. Therefore, the appellate court concluded that the state district court properly denied this claim. *Id*.

The Nevada courts' factual findings are entitled to a presumption of correctness. 28 U.S.C. § 2254(e)(1). The state's highest court applied the correct federal constitutional standard. The state's highest court's adjudication did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d).

Therefore, Trzaska fails to demonstrate either deficient performance or prejudice regarding Ground One. Additionally, the Nevada Court of Appeals' decision was neither an unreasonable application of clearly established federal law nor based on an unreasonable determination of the facts. Accordingly, this Court should deny Ground One.

**III.    This Court Should Dismiss Grounds Two Through Five as Procedurally Defaulted, Or Alternatively, Deny Them on Their Merits, Because Trzaska Fails to Demonstrate Cause and Prejudice.**

In Grounds Two through Five, Trzaska raises ineffective assistance of trial counsel claims that he never presented to the Nevada appellate courts. ECF No. 45 at 4. This Court previously found Grounds Two through Five were technically exhausted but procedurally defaulted and reserved judgment on cause and prejudice for the merits briefing. *Id*. at 5. While Trzaska argued that he could overcome the procedural default under *Martinez*, his claims are not substantial, and therefore, he cannot surmount the procedural defaults. Accordingly, this Court should enforce the procedural bar and dismiss Grounds Two through Five or, alternatively, deny the claims as meritless.

/ / /

A.      **Procedural Default.**

"[A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Martinez v. Ryan*, 566 U.S. 1, 17 (2012). *Martinez* may serve as cause to excuse a procedural default when "(1) the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim;" "(2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding;" "(3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim';" and "(4) state law requires that an 'ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding." *Trevino v. Thaler*, 569 U.S. 413, 414 (2013) (quoting *Martinez*, 566 U.S. at 17-18).

In addition to the third and fourth requirements of *Martinez* described above, the petitioner must make two related showings to establish cause for his or her procedural default. First, the petitioner must show that the underlying trial counsel claim is substantial—meaning it has some merit. *Martinez*, 566 U.S. at 13. This requires a showing of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*.

Second, the petitioner must show that counsel in the initial-review collateral proceeding was ineffective under *Strickland* standards for failing to raise the trial-level ineffective assistance of counsel claim. *Martinez*, 566 U.S. at 13. The burden is on the petitioner to establish both deficient performance and prejudice—meaning there must be a reasonable probability that, but for initial-review collateral counsel's deficient performance, the result of the post-conviction proceedings would have been different. *Pizzuto v. Ramirez*, 783 F.3d 1171, 1178 (9th Cir. 2015) (quoting *Clabourne v. Ryan*, 745 F.3d 362, 367 (9th Cir.), *overruled on other grounds by McKinney v. Ryan*, 813 F.3d 798, 818 (9th Cir. 2015) (en banc)). The prejudice inquiry in post-conviction proceedings is inherently recursive, requiring the court to assess both trial and post-conviction counsel's performance. *Runningeagle v. Ryan*, 825 F.3d 970, 982 (9th Cir. 2016). To establish a reasonable probability of prejudice, a petitioner must show both that initial-review collateral counsel failed to raise a trial-level ineffective assistance of counsel claim and that the underlying trial counsel claim had a reasonable probability of success if properly presented. *Id*. In line

16

with this standard, a petitioner must show that errors at trial not only created a possibility of prejudice, but also resulted in actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. *Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1292 (9th Cir. 2013) (quoting *Murray*, 477 U.S. 478, 494 (1986)).

### B.    State Post-Conviction Counsel Was Not Ineffective.

Deficient performance under *Strickland*, and therefore *Martinez*, is not shown by simply alleging that initial-review collateral counsel failed to present what the petitioner believes to be a "substantial" claim of ineffective assistance of counsel. *Strickland* requires more; it requires this Court to presume that counsel exercised reasoned professional judgment in litigating Trzaska's first state post-conviction petition. It is his burden to overcome that presumption. *Strickland*, 466 U.S. at 687-91.

In that context, this Court must presume that initial-review collateral counsel exercised reasoned professional judgment in litigating the case "to maximize the likelihood of success" on post-conviction review. *Cf. Smith v. Robbins*, 528 U.S. 259, 288 (2000). ("In *Jones v. Barnes*, 463 U.S. 745 (1983), we held that appellate counsel who files a merits brief need not (*and should not*) raise every nonfrivolous claim, but rather may select from them in order to maximize the likelihood of success on appeal.") (emphasis added). In the appellate context, *Strickland* places a dramatically heavier burden on the petitioner challenging the performance of an attorney that filed a merits brief on appeal, than an attorney filing an *Anders* brief indicating counsel could not identify any non-frivolous claims to raise on appeal as filed in *Martinez*. *Id*. And the Supreme Court indicated that the same standard should govern review of initial-review collateral counsel's performance. *See Buck v. Davis*, 580 U.S. 100, 108 (2017) (noting that the claims initial-review collateral counsel presented "were all frivolous or noncognizable" when applying *Martinez*).

Here, Trzaska filed his initial pro se petition, in which he alleged in Ground One that trial counsel failed to offer a defense or file pretrial motions to challenge the chain of custody, inspect the evidence, interview witnesses, discuss any defenses, and threatened Trzaska that the prosecution would seek habitual treatment, while also failing at sentencing to challenge the prosecution's statements or provide a coherent defense. ECF No. 22-13 at 7. In Ground Two, he alleged the prosecutor committed misconduct in the sentencing memorandum. *Id*. at 8. In Ground Three, he alleged continuing errors in the PSI, but

the state district court failed to ask if there were any errors. *Id.* at 9. In Ground Four, he alleged the prosecution said they had photographs of Trzaska stealing the eight batteries but that he never received that evidence; the prosecution provided no receipt or bill of sale for the batteries to show the value was over $650; and he was not seen in possession of or arrested with the property. *Id.* at 10.

In the supplement, Trzaska's counsel alleged, in Ground A, that trial counsel was ineffective at sentencing by failing to fully inform the court of Trzaska's actions and investigate the circumstances surrounding sentencing, including his hospitalization and travel to New York for his daughter's funeral, which resulted in a no-bail bench warrant. ECF No. 22-16 at 9-10. Counsel further alleged that once Trzaska learned of the warrant, he began hitchhiking back to Las Vegas, and that trial counsel allowed misrepresentations as to the new charges he picked up in Utah while returning to Las Vegas. And his retained counsel at sentencing continued the ineffective assistance by failing to obtain minutes at the request of the court in the Moped Case and failing to ensure the correction of errors in the PSI. *Id.*

In Ground B, Trzaska alleged counsel was ineffective in relation to the guilty plea by (1) failing to communicate with his client regarding possible defenses, the potential sentence, the ramifications of entering a guilty plea, and the actual charges he faced, (2) coercing Trzaska into entering the guilty plea by pressuring him that if he did not accept the plea, he would receive habitual treatment at sentencing, and failing to obtain evidence to prove Trzaska's innocence, (3) inadequately investigating the value of the stolen batteries, which were taken from old cars intended for salvage, and (4) causing prejudice due to the lack of investigation and failure to inform Trzaska of possible defenses before advising him to accept the guilty plea, which would have led to a different outcome. *Id.* at 10-18.

And in the second supplemental petition, counsel alleged errors in the notice of intent to seek habitual criminal treatment filed by the prosecution prior to sentencing, when it listed the underlying charge as Possession of Stolen Vehicle rather than Grand Larceny. ECF No. 22-19 at 5.

As detailed below, *infra*, Trzaska fails to demonstrate any of the allegations contained in Grounds Two through Five are stronger than the claims presented in the three state habeas petitions. *Robbins*, 528 U.S. at 288 (finding appellate counsel was not deficient when the claims not raised were plainly stronger than those actually presented in the appellate court). Therefore, he fails to demonstrate that

/ / /

18

post-conviction counsel was ineffective for failing to raise the claims presented in the remaining allegations of the federal habeas petition.

### C. Trial Counsel Was Not Ineffective for Failing to Argue That the Prosecution Should Honor the Original Plea Agreement in the Auto Battery Case (Ground Two).

In Ground Two, Trzaska claims that he received ineffective assistance of trial counsel because counsel failed to argue that the prosecution should have honored the original plea agreement in the Auto Battery Case. ECF No. 21 at 14-16. Specifically, Trzaska made two allegations for counsel's alleged deficiency: First, counsel failed to argue that Trzaska's failure to attend the December 16, 2013, sentencing hearing in the Auto Battery Case was excusable because he was in custody in Utah and the hearing was merely a status check, not a substantive hearing under the plea agreement. *Id.* at 15-16. Second, Trzaska argues that counsel failed to challenge the prosecutor's failure to prove that an independent magistrate in Utah confirmed new criminal charges against him based on probable cause. *Id.* at 16. As to prejudice, Trzaska claims that, had counsel raised these issues, there is a reasonable probability that the prosecution would not have been allowed to seek habitual treatment, and he would have avoided an enhanced sentence. *Id.*

### 1. Trial Counsel's Performance Was Not Deficient.

Here, the facts demonstrate that trial counsel's performance was not deficient. After the prosecution indicated its intent to pursue habitual criminal sentencing and after Trzaska retained new defense counsel, trial counsel promptly filed a motion to withdraw Trzaska's guilty plea. ECF No. 28-27. Counsel argued that Trzaska's failure to appear was due to the tragic death of his daughter, accusing the prosecutor of exploiting this situation to pursue habitual criminal treatment. *Id.* at 4-5.

Counsel further reiterated in the sentencing memorandum that Trzaska's failure to appear was excusable in light of his daughter's death. ECF No. 28-40 at 5. Counsel submitted his daughter's death certificate as evidence, emphasizing that Trzaska had no intention of absconding or missing the court date willfully. *Id.* Counsel also explained that Trzaska's arrest in Utah was due to financial hardship and the need for shelter, rather than any criminal intent. *Id.* at 3. At the sentencing hearing, defense counsel reinforced these points during argument. ECF No. 28-41 at 12-14.

/ / /

19

Additionally, the facts do not support Trzaska's argument. The judge who presided over the state evidentiary hearing was the same judge from sentencing. *Compare* ECF No. 28-41 *with* ECF No. 30-13. At the conclusion of the evidentiary hearing, the court found that trial counsel adequately informed it of the circumstances surrounding Trzaska's failure to appear. ECF No. 30-13 at 88. The court further found that sentencing counsel Yampolsky had done everything he could at sentencing. *Id*. at 89.

The plea agreement explicitly outlined the conditions under which the prosecution could regain the right to seek habitual criminal treatment, including failure to appear at any subsequent hearings or confirmation of new criminal charges by an independent magistrate based on probable cause. ECF No. 22-4 at 3. Trzaska cannot dispute that he missed a subsequent hearing and received new misdemeanor convictions.

As to his first allegation, Trzaska fails to demonstrate that his failure to appear at the December 16, 2013 hearing did not trigger the above provision. There was no requirement in the plea agreement that his failure to appear at a future hearing had to be a "substantive hearing." ECF No. 22-4 at 3. Rather, Trzaska agreed that if he "fail[ed] to appear at *any subsequent hearings* in this case," the prosecution would be free to argue and seek habitual criminal adjudication. *Id*. (emphasis added).

Thus, even if the December 16, 2013 hearing was a status check, the plea agreement did not distinguish between types of hearings, and Trzaska's failure to appear violated the plain terms of the agreement. His argument reflects a fundamental misunderstanding of the plea agreement, as the reason for his absence had no bearing on the provisions of the agreement. The plain language of the agreement is clear—any failure to appear allows the prosecution to seek the maximum sentence allowable.

Moreover, contrary to Trzaska's assertion, the court minutes clearly establish that the December 16, 2013 hearing was a sentencing hearing. ECF No. 28-2 at 22. Upon Trzaska's failure to appear, the court immediately issued a no-bail bench warrant for his arrest. *Id*. This procedural history contradicts Trzaska's claim that his appearance was unnecessary or waived. Furthermore, the Nevada Court of Appeals affirmed the nature of the December 16, 2013 hearing as a sentencing hearing and concluded that Trzaska could not excuse his failure to appear. ECF No. 22-24 at 3.

Accordingly, trial counsel had no basis to argue for enforcement of the original plea agreement. Failure to take a futile or meritless action or motion does not constitute deficient performance. *See*

20

1    *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (finding

2    no ineffective assistance where the motion that allegedly should have been made would have been futile).

3            Trzaska's failure to appear was, in itself, sufficient to trigger the provision in the plea agreement,

4    allowing the prosecution to seek habitual criminal treatment. The prosecution did not need to prove that

5    additional provisions were met with the new Utah conviction, yet they were.

6            As to his second allegation, Trzaska fails to demonstrate that the Utah magistrate did not find

7    probable cause for the new charges against him. ECF No. 42 at 8. The record contradicts Trzaska's

8    argument that the prosecution failed to prove confirmation of new charges by an independent magistrate.

9            On December 4, 2013, a Utah magistrate reviewed and signed a probable cause statement for

10   Trzaska's warrantless arrest. ECF No. 28-28 at 29. Trzaska also pled guilty to charges of Burglary Of A

11   Vehicle and Theft on December 18, 2013, further substantiating the existence of probable cause against

12   him. *Id.* at 39. And the third supplemental PSI reflects that the court imposed a sentence by the time of

13   sentencing in the Auto Battery Case. *See* Exhibit 37 (filed under seal).

14           These new charges and subsequent convictions satisfied the provisions of the triggering clause

15   under the plea agreement. Accordingly, any attempt of trial counsel to seek to enforce the original plea

16   agreement would also have been futile.

17                    **2.    Trzaska Did Not Suffer Prejudice.**

18           Even assuming, *arguendo*, that trial counsel's performance was deficient, Trzaska cannot

19   demonstrate any resulting prejudice. Counsel's performance, or lack thereof, cannot alter the fundamental

20   fact that Trzaska's failure to appear and his subsequent Utah convictions clearly violated the plea

21   agreement, thereby triggering the prosecution's ability to seek habitual criminal treatment. Trzaska

22   cannot show a reasonable probability of a different outcome.

23           As discussed in the preceding subsection, the plea agreement unambiguously stated that any

24   failure to appear at subsequent hearings would enable the prosecution to seek habitual criminal treatment.

25   ECF No. 22-4 at 3. During the evidentiary hearing, the state district court noted that even if the defense

26   counsel had informed the court of the events leading to Trzaska absence from the December 16, 2013

27   hearing, the court would have still issued the bench warrant due to insufficient justification for Trzaska's

28   absence and the six-week delay between his daughter's funeral and the hearing. ECF No. 30-13 at 88-

21

89.[8] Therefore, Trzaska's failure to appear at the hearing, regardless of the reasons behind it, independently triggered the provision, and there was no need to rely on the Utah charges to pursue the habitual criminal treatment.

Additionally, the court emphasized that by the time of the final sentencing hearing in the Auto Battery Case, Trzaska had already been convicted of the new Utah misdemeanor. ECF No. 30-13 at 88-89. That alone allowed the prosecution to rightfully regain their full right to argue, including seeking habitual criminal treatment. *Id*. at 89.

Therefore, Trzaska's failure to appear, coupled with his new Utah convictions, independently triggered the prosecution's ability to seek habitual criminal treatment under the plea agreement. Any arguments counsel could have raised regarding these issues would not have changed the outcome. His absence from the sentencing hearing and the confirmation of new criminal convictions left no room for a different result, and thus Trzaska cannot demonstrate prejudice.

Accordingly, Ground Two is not substantial and Trzaska cannot overcome the procedural default under *Martinez*. This Court should dismiss Ground Two as procedurally defaulted or, alternatively, deny the claim because it is meritless.

## D.    Trial Counsel Was Not Ineffective Regarding the Allegedly Defective Habitual Criminal Notice (Ground Three).

In Ground Three, Trzaska alleges trial counsel failed to challenge the prosecution's allegedly defective notice to seek habitual criminal treatment in the Auto Battery Case. ECF No. 21 at 17. Specifically, he claims that the notice erroneously referenced his guilty plea for Possession of a Stolen Vehicle instead of his actual charge of Grand Larceny. Trzaska claims that had trial counsel objected to this clerical error, there is a reasonable probability that the habitual criminal notice would have been invalidated, resulting in a lesser sentence. *Id.*

### 1.    Trial Counsel's Performance Was Not Deficient.

Trzaska cannot establish that trial counsel's performance was deficient because counsel took appropriate steps to correct any misunderstanding arising from the clerical error in the notice.

---

[8] As noted in the preceding subsection, the evidentiary hearing judge was the same as the sentencing judge.

In the notice of intent to seek habitual criminal punishment, the prosecution referred to the pending charges as "POSSESSION OF STOLEN VEHICLE (Category C Felony – NRS 205.273.3)." ECF No. 22-8 at 2. However, that was the crime charged in the Moped Case, in which prosecution filed the same notice, while the crime in question was Grand Larceny. *See* ECF No. 22-3.

In response, trial counsel clarified this clerical error in the sentencing memorandum, specifically stating that the case involved Grand Larceny, not Possession of Stolen Vehicle. ECF No. 28-40 at 6. Counsel further clarified the charge at the sentencing hearing, explaining that the crime involved stealing car batteries from vehicles intended for salvage. ECF No. 28-41 at 13. As reflected in the judgment of conviction, counsel ensured the court had the accurate charge for sentencing. ECF No. 22-27.

Considering the corrective actions taken and the nature of the clerical error, trial counsel was not deficient in failing to make a futile objection, such as filing a motion to strike the notice.

## 2.    Trzaska Did Not Suffer Prejudice.

Even assuming, *arguendo*, that trial counsel's failure to make a specific objection to the clerical error rendered his performance deficient, Trzaska cannot demonstrate any resulting prejudice.

Had counsel filed a motion to strike the notice, the court could have simply provided the prosecution an opportunity to amend the notice to correct what was clearly a clerical error. Further, in its sentencing memorandum, the prosecution informed the court of its intention to seek habitual criminal treatment based on Trzaska's Grand Larceny charge. ECF No. 28-39 at 2-3. During the sentencing hearing, the prosecution outlined the facts of the offense, noting that Trzaska stole car batteries and attempted to sell them to a recycling center. ECF No. 28-41 at 5. And the judgment of conviction clearly reflects that the court imposed the habitual criminal enhancement based on the Grand Larceny charge, not the clerical mistake. ECF No. 22-27.

Additionally, during the state evidentiary hearing, the court acknowledged the clerical error but found no prejudice to Trzaska. ECF No. 30-13 at 90. The court concluded that it properly imposed habitual criminal enhancement sentencing because the notice included at least two prior judgments which the prosecution providing at sentencing. *Id*. As such, Trzaska cannot establish prejudice, as the court made its sentencing decision based on the correct Grand Larceny charge and properly imposed the

///

1   habitual criminal enhancement. The clerical error in the notice did not affect the outcome, and any

2   objection by trial counsel would not have altered the court's sentencing decision.

3       Accordingly, Ground Three is not substantial and Trzaska cannot overcome the procedural default

4   under *Martinez*. This Court should dismiss Ground Three as procedurally defaulted or, alternatively, deny

5   the claim because it is meritless.

6   **E.    Trial Counsel Was Not Ineffective Regarding the Imposition of the Habitual**

7   **Criminal Sentence (Ground Four).**

8       In Ground Four, Trzaska alleges trial counsel was ineffective for failing to challenge the habitual

9   criminal treatment as cruel and unusual under the Eighth Amendment. ECF No. 21 at 18. Specifically,

10  he alleges that counsel failed to object at sentencing to the 60-to-190-month sentence, which he contends

11  was disproportionate to his offense and based upon prior non-violent convictions. *Id*.

12      **1.    Trial Counsel's Performance Was Not Deficient.**

13      Trial counsel's performance was not deficient because he made consistent efforts to argue for a

14  lesser sentence for Trzaska. After the prosecution indicated its intention to seek habitual criminal

15  treatment, defense counsel promptly filed a motion to withdraw Trzaska's guilty plea. ECF No. 28-27. In

16  the motion, counsel argued that Trzaska's failure to appear was due to the tragic death of his daughter

17  and contended that the prosecution was improperly exploiting this personal loss to pursue habitual

18  criminal treatment. *Id*. at 4-6.

19      Additionally, in the sentencing memorandum, counsel argued that Trzaska's challenging life

20  circumstances—his struggles with drug addiction and lack of education—should weigh in favor of a less

21  severe sentence. ECF No. 28-40 at 4-5. Counsel also underscored the non-violent nature of Trzaska's

22  offense—taking car batteries from junkyard vehicles—and emphasized that his prior convictions were

23  non-violent and consisted of low-level felonies. *Id*. at 6-8.

24      Moreover, during the sentencing hearing, counsel argued that Trzaska's prior offenses did not

25  reflect violent tendencies and emphasized the intent of the habitual criminal statute addressed individuals

26  convicted of more serious, violent crimes. ECF No. 28-41 at 12-13. Counsel urged the court to impose a

27  sentence more appropriate to the nature of the offense and Trzaska's personal history, proposed a

28  / / /

24

maximum sentence of 60 months, and argued that applying habitual criminal treatment would be unjust in that case. *Id.* at 13.

Furthermore, the record supports the state district court's sentence, and trial counsel was not deficient for failing to raise a futile objection to habitual criminal adjudication as cruel and unusual under the Eighth Amendment.

In 2012, when Trzaska committed his crimes, Nevada's habitual criminal statute provided:

> 1. … [A] person convicted in this State of:
> (a)     Any felony, who has previously been two times convicted, whether in this State or elsewhere, of any crime which under the laws of the situs of the crime or of this State would amount to a felony is a habitual criminal and shall be punished for a category B felony by imprisonment in the state prison for a minimum term of not less than 5 years and a maximum term of not more than 20 years.
> (b)     Any felony, who has previously been three times convicted … would amount to a felony is a habitual criminal and shall be punished for a category A felony by imprisonment in the state prison:
> (1) For life without the possibility of parole;
> (2) For life with the possibility of parole, with eligibility for parole beginning when a minimum of 10 years has been served; or
> (3) For a definite term of 25 years, with eligibility of parole beginning when a minimum of 10 years has been served.

Section 86 of chapter 633, Statutes of Nevada 2019, at page 4441.

Here, the court adjudged Trzaska guilty under the small habitual provided in Nev. Rev. Stat. 207.010(a). ECF No. 22-27. His sentence was appropriate given his extensive criminal history, which included at least three prior felonies at the time of sentencing, and qualified him for large habitual criminal treatment under Nev. Rev. Stat. 207.010 (1)(b). ECF No. 22-8; *see Solem v. Helm*, 463 U.S. 277, 297 (1983) (holding that a state is justified in punishing a recidivist more severely than it punishes a first offender); *see also Taylor v. Lewis*, 460 F.3d 1093, 1098 (9th Cir. 2006) (noting that a defendant's recidivism should be a significant factor in sentencing).

Additionally, Trzaska's sentence did not exceed the statutory maximum, making his Eighth Amendment claim extremely difficult to sustain. *See United States v. Parker*, 241 F.3d 1114, 1117 (9th Cir. 2001) (finding that courts will not overturn a sentence on Eighth Amendment grounds as long as it is within statutory limits). Moreover, Nevada's habitual criminal statute makes no exceptions for non-violent crimes or for the remoteness of convictions. *Arajakis v. State*, 843 P.2d 800, 805 (Nev. 1992).

/ / /

Trzaska's claim that his sentence is disproportionate also fails to account for the core legislative intent of the habitual criminal statute—to address those who repeatedly break the law despite the opportunity to reform. At sentencing, the state district court reviewed Trzaska's criminal history—a 30-year record of persistent offenses—and concluded that it demonstrated exactly the kind of behavior the statute was meant to deter. ECF No. 28-41 at 14. The court reasoned that habitual criminal treatment applied to offenders like Trzaska, who, time and again, were given the chance to change course but instead chose to reoffend. The court further emphasized that Trzaska's repeated criminal actions were deliberate and reflected a failure to rehabilitate despite numerous chances for reform. *Id.*

At the state evidentiary hearing, the court highlighted that counsel vigorously advocated on Trzaska's behalf throughout the proceedings, made significant efforts to ensure the PSI was accurate, and worked to ensure that the case was in the best possible posture at sentencing. ECF No. 30-13 at 89. The court also noted that despite the prosecution's argument in favor of large habitual treatment, the court imposed the small habitual because it did not feel the large treatment was appropriate. *Id.* at 89-90.[9]

As such, trial counsel was not deficient for failing to object to the habitual criminal adjudication under the Eighth Amendment. Counsel made consistent efforts to challenge the habitual criminal adjudication and argue for a lesser sentence, ultimately succeeding in securing a reduced sentence. Additionally, the state district court imposed the sentence following a thorough review of the extensive records surrounding Trzaska's criminal history, and the sentence was within the statutory limits. Therefore, any objection under the Eighth Amendment would have been exceedingly difficult to sustain and, ultimately, futile.

### 2.    Trzaska Did Not Suffer Prejudice.

Even assuming, *arguendo*, that trial counsel's performance was deficient, Trzaska cannot demonstrate that he suffered any resulting prejudice. The state district court based its sentencing decision on Trzaska's extensive criminal history, and the court imposed a sentence well within the statutory limits. Any objection from counsel would not have overcome the weight of Trzaska's criminal history in the court's decision.

---

[9] As noted in relation to Ground Two, *supra*, the evidentiary hearing judge was the same as the sentencing judge.

Here, at sentencing, the court had clear evidence of Trzaska's criminal history, including at least three prior felony convictions, which strongly supported the imposition of habitual criminal treatment. Additionally, at the state evidentiary hearing, the court emphasized that its decision was "based upon everything, the PSI, the statements of counsel, sentencing memorandums, what I hear from the Defendant, and I heard all of that, and I felt large habitual was not an appropriate sentence and, of course, I ran everything concurrent with his other cases." ECF No. 30-13 at 89.

No evidence suggests that, had counsel objected to the habitual criminal treatment, the court would have imposed a sentence outside of its framework. The court thoroughly reviewed the PSI, heard the arguments of counsel, and considered Trzaska's criminal history. The court's statements at sentencing clearly indicate that it focused on Trzaska's persistent recidivism, which justified applying habitual criminal sentencing. ECF No. 28-41 at 14. Therefore, even with an objection, it is highly unlikely that the court would have disregarded Trzaska's criminal record or imposed a lesser sentence, as the habitual criminal enhancement was rooted in Trzaska's extensive criminal history.

Additionally, the court's decision to impose a sentence within the statutory range reflects its proper exercise of discretion. The habitual criminal statute provides the court with wide latitude in sentencing, including the imposition of lengthy sentences for individuals with a long history of criminal activity. The court considered all relevant factors—Trzaska's personal history, the nature of his offense, and his criminal record—before determining that habitual criminal treatment was warranted. *See* ECF No. 30-13 at 89. Even if counsel objected, the court was well within its rights and obligations to impose a sentence consistent with the intent of the habitual criminal statute, which seeks to deter individuals who persist in criminal conduct despite repeated opportunities to reform. Therefore, it is highly unlikely that an objection would have resulted in a lesser sentence.

Furthermore, Trzaska voluntarily entered into a plea agreement that clearly outlined the potential for habitual criminal sentencing. By agreeing to the plea terms, he acknowledged and accepted the possibility of such sentencing, including the potential application of the habitual criminal statute. Trzaska cannot now claim prejudice regarding a contemplated sentence that he knowingly and voluntarily accepted as part of the plea agreement. *United States v. Broce*, 488 U.S. 563, 569 (1989) (holding that a plea of guilty and the ensuing conviction encompass all factual and legal elements necessary to sustain a

binding, final judgment of guilt and a lawful sentence). Thus, as Trzaska voluntarily accepted the plea terms with full awareness of the habitual criminal enhancement, his claim regarding sentencing is unavailing.

Accordingly, Ground Four is not substantial and Trzaska cannot overcome the procedural default under *Martinez*. This Court should dismiss Ground Four as procedurally defaulted or, alternatively, deny the claim because it is meritless.

**F.      Trial Counsel Was Not Ineffective for Failing to Challenge the Prosecution's Use of Unnoticed Convictions and Stale Conviction at Sentencing (Ground Five).**

In Ground Five, Trzaska alleges ineffective assistance of counsel due to trial counsel's failure to challenge the prosecution's use of unnoticed convictions and the staleness of one conviction at sentencing. ECF No. 21 at 19. Specifically, he focuses on three unnoticed foreign convictions and a 2000 Nevada conviction for Attempted Grand Larceny, stemming from a 1999 incident. Trzaska argues that had counsel objected, there is a reasonable probability that he would not have been sentenced under the small habitual criminal statute. *Id.*

**1.      Trial Counsel's Performance Was Not Deficient.**

Throughout the proceedings, trial counsel consistently challenged Trzaska's conviction history and argued for a lesser sentence. *See supra*, Grounds Two and Four. Further, in the sentencing memorandum, counsel specifically listed the contested convictions and provided relevant details to counter the prosecution's argument that Trzaska was a repeat felon. ECF No. 28-40 at 4-5.

Additionally, at sentencing, the prosecution presented the three prior felony convictions relied upon in the notice of intent to seek habitual criminal adjudication. ECF No. 22-3; ECF No. 28-41 at 4-5. Once the prosecution established that Trzaska qualified for the large habitual criminal sentence, it could rely on Trzaska's extensive criminal history, including the three additional prior felony convictions, to support a large habitual criminal sentence. ECF No. 28-41 at 4-5. A trial court can rely on "any reliable and relevant evidence" at the time of sentencing. Nev. Rev. Stat. 176.015(6). It was for the court to determine what was reliable and relevant. And certainly, Trzaska's criminal history was relevant for the purpose of imposing sentence.

/ / /

Moreover, counsel's decision to focus on mitigating the impact of Trzaska's overall criminal history, rather than contesting each specific conviction, was a reasonable strategic choice. Even without raising specific objections to the contested convictions, counsel made a concerted effort to minimize the sentencing enhancement by emphasizing other mitigating factors of Trzaska's history.

Thus, counsel's performance, including the decision not to object to the contested convictions, was not deficient. Counsel acted within the bounds of reasonable professional judgment in light of the available information and the broader context of Trzaska's criminal history and sentencing exposure.

### 2.    Trzaska Did Not Suffer Prejudice.

Even if counsel's performance were deficient, Trzaska cannot demonstrate any resulting prejudice. As discussed in Ground Three, *supra*, the court properly imposed the small habitual criminal enhancement based on at least two valid prior felony convictions, as required by the Nevada habitual criminal statute. Nev. Rev. Stat. 207.010(1)(a); ECF No. 30-13 at 90. In light of this, any assertion of a different outcome had counsel objected to the contested convictions is purely speculative, as the inclusion of the unnoticed convictions did not materially affect Trzaska's sentence.

Additionally, the court's reliance on Trzaska's extensive criminal history, including at least two valid prior convictions, rendered the contested convictions inconsequential in the context of his sentencing. The habitual criminal enhancement stemmed from Trzaska's recidivism, which was already evident from his prior felony convictions, irrespective of the contested convictions. Therefore, even if counsel objected, there is no reasonable probability that the outcome of the sentencing would have been different. Trzaska's sentence likely would have remained the same because the court could consider all reliable and relevant evidence when imposing the sentence.

Accordingly, Ground Five is not substantial and Trzaska cannot overcome the procedural default under *Martinez*. This Court should dismiss Ground Five as procedurally defaulted or, alternatively, deny the claim because it is meritless.

### CONCLUSION

This Court should deny Trzaska's claim in Ground One because the Nevada Court of Appeals' findings were not contrary to, nor an unreasonable application of, clearly established federal law, nor were they based on an unreasonable determination of the facts. Additionally, this Court should dismiss

Grounds Two through Five as procedurally defaulted, as Trzaska fails to satisfy *Martinez*. Alternatively, this Court should deny Grounds Two through Five on their merits. For these reasons, Respondents respectfully request that this Court deny Trzaska's First Amended Petition for Writ of Habeas Corpus with prejudice.

RESPECTFULLY SUBMITTED this 25th day of February, 2025.

AARON D. FORD
Attorney General

By: /s/ Yanpeng Wang
     YANPENG WANG (Bar. No. 17022C)
     Deputy Attorney General

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General and that on this 25th day of February, 2025, I served a copy of the foregoing **ANSWER**, by U.S. District Court CM/ECF electronic filing to:

Alicia R. Intriago
Ashlyn Saenz-Ochoa
Assistant Federal Public Defender
411 E. Bonneville Ave., Suite 250
Las Vegas, Nevada 89101
Alicia_Intriago@fd.org
Ashlyn_saenz-ochoa@fd.org

                                                     /s/ Amanda White