**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

EDWARD SETH TRZASKA,

Petitioner,

v.

STATE OF NEVADA[1], *et al.*,

Respondents.

Case No. 2:22-cv-00634-RFB-MDC

**ORDER DENYING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Edward Seth Trzaska's First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (the "Petition") (ECF No. 21. This matter is before the Court for adjudication of all grounds in the Petition. For the following reasons, the Court denies Mr. Trzaska's amended petition and denies him a certificate of appealability.

## I. RELEVANT BACKGROUND

Mr. Trzaska challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County.

On November 12, 2012, Mr. Trzaska was charged with grand larceny stemming from theft of automobile batteries (the "Auto Battery Case"). Separately, on May 6, 2013, Mr. Trzaska was charged with possession of a stolen vehicle and possession of burglary tools (the "Moped Case"). On May 30, 2013, Mr. Trzaska pled guilty pursuant to a global plea agreement, which resolved, *inter alia*, the Auto Battery and Moped Cases. However, though both cases were resolved jointly, each case involved different defense counsel, district attorneys, and were in front of different judges. Each case also involved a separate plea agreement with different provisions and language. In particular, the plea agreement for the Moped Case reserved the State's right to argue any lawful

[1] The state corrections department's locator system indicates that Mr. Trzaska is released on parole. At the end of this Order, the Court kindly directs the Clerk of Court to substitute the Nevada Board of Parole for Respondent State of Nevada. See FED. R. CIV. P. 25(d).

sentence if Mr. Trzaska's failed to appear for sentencing or if Mr. Trzaska committed a new criminal offense prior to sentencing. See ECF No. 28-7.

In both cases, Mr. Trzaska's sentencing hearings were continued multiple times due to errors in the presentence investigation reports. In early October 2013, Mr. Trzaska was released from custody on bond. Shortly after, Mr. Trzaska's daughter died abruptly. As a result, Mr. Trzaska did not appear for a status check in the Moped Case set for October 24, 2013, because he was in the hospital in New York. The state district court issued bench warrants in both cases. Mr. Trzaska was made aware of the warrants and hitchhiked from New York back to Las Vegas to avoid the extradition process. While hitchhiking, Mr. Trzaska was charged with unlawfully entering a trailer to keep warm in Utah, and he pled guilty to a misdemeanor in that case. By January 2014, Mr. Trzaska appeared in state district court for both cases. In late January 2014, the State filed a notice of intent to seek treatment as a habitual offender at sentencing. See ECF No. 28-8.

On January 12, 2015, at a rescheduled sentencing hearing for the Auto Battery Case, the State requested large habitual criminal treatment. ECF No. 28-41 at 4–5. The state district court decided to adjudicate Mr. Trzaska under the small habitual criminal statute and sentenced Mr. Trzaska to 60 to 190 months. Id. at 14–15. On February 4, 2015, the state district court entered the judgment of conviction. Id.

The Nevada Supreme Court affirmed the judgment of conviction. ECF No. 22-12. Mr. Trzaska filed a state postconviction habeas petition in August 2015 as well as a supplemental state postconviction habeas petition. ECF Nos. 22-13, 22-16, 22-19. Following an evidentiary hearing, the state district court denied the petition and Mr. Trzaska appealed. The Nevada Court of Appeals affirmed the judgment. ECF No. 22-24.

Mr. Trzaska commenced this federal habeas proceeding on April 18, 2022. See ECF No. 1-1. Following appointment of counsel, Mr. Trzaska filed his amended petition. See ECF No. 21. Respondents moved to dismiss certain claims as unexhausted. See ECF No. 27. The Court denied Respondents' motion and deferred a decision on whether Mr. Trzaska can demonstrate cause and prejudice under Martinez v. Ryan, 566 U.S. 1 (2012), to overcome the procedural default of Grounds Two through Five. See ECF No. 45.

## II. LEGAL STANDARD

### A. Review under the Antiterrorism and Effective Death Penalty Act

28 U.S.C. § 2254(d) sets forth the standard of review generally applicable in habeas corpus cases under the Antiterrorism and Effective Death Penalty Act ("AEDPA"):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court." Lockyer v. Andrade, 538 U.S. 63, 73 (2003) (first quoting Williams v. Taylor, 529 U.S. 362, 405–06 (2000), and then citing Bell v. Cone, 535 U.S. 685, 694 (2002)). A state court decision is an unreasonable application of clearly established Supreme Court precedent within the meaning of 28 U.S.C. § 2254(d) "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 75.

The Supreme Court has instructed that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (citing Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

### B. Standard for Evaluating Ineffective Assistance of Counsel Claims

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for ineffective assistance of counsel ("IAC") claims.

The Strickland test requires Petitioner to demonstrate that: (1) the counsel's "representation fell below an objective standard of reasonableness[;]" and (2) the counsel's deficient performance prejudices Petitioner such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 688, 694.

When considering an IAC claim, Courts must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. It is Petitioner's burden to show "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Id. at 687. Additionally, to establish prejudice under Strickland, it is not enough for Petitioner to "show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. Rather, errors must be "so serious as to deprive [Petitioner] of a fair trial, a trial whose result is reliable." Id. at 687.

Where a state court has previously adjudicated the IAC claim under Strickland, establishing the court's decision was unreasonable is difficult. See Richter, 562 U.S. at 104–05. In Richter, the Supreme Court clarified that Strickland and § 2254(d) are each highly deferential, and when the two apply in tandem, review is doubly so. See id. at 105; see also Cheney v. Washington, 614 F.3d 987, 995 (9th Cir. 2010) (internal quotation marks omitted). The Court further clarified, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Richter, 562 U.S. at 105.

When evaluating claims of ineffective assistance of appellate counsel, the performance and prejudice prongs of the Strickland standard partially overlap. See, e.g., Bailey v. Newland, 263 F.3d 1022, 1028–29 (9th Cir. 2001); Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989). Effective appellate advocacy requires weeding out weaker issues with less likelihood of success. The failure to present a weak issue on appeal neither falls below an objective standard of competence nor causes prejudice to the client for the same reason—because the omitted issue has little or no likelihood of success on appeal. Id.

**C. Standard for Evaluating Procedurally Defaulted Claims**

Generally, a federal habeas court may only consider a federal claim if the petitioner "has

first presented that claim to the state court in accordance with state procedures." Shinn v. Ramirez, 596 U.S. 366, 371 (2022). Where a petitioner fails to do so and therefore "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule," federal habeas review is barred unless the petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

For claims of ineffective assistance of trial counsel, petitioners may overcome cause for procedural default of the claim where (1) the claim of ineffective assistance of trial counsel is a "substantial" claim; (2) the "cause" consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective assistance of trial counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."[2] Trevino v. Thaler, 569 U.S. 413, 423 (2013) (quoting Martinez, 566 U.S. at 14, 18; citing Coleman, 501 U.S. at 722). An ineffective assistance of trial counsel claim "is insubstantial" if it lacks merit or is "wholly without factual support." Martinez, 566 U.S. at 14–16 (citing Miller-El v. Cockrell, 537 U.S. 322 (2003)).

"[T]he standard for evaluating the underlying trial counsel IAC claim during the Martinez prejudice analysis is not as stringent as that required when considering the merits of the underlying [Strickland] claim." Leeds v. Russell, 75 F.4th 1009, 1017–18 (9th Cir. 2023) (citing Michaels v. Davis, 51 F.4th 904, 930 (9th Cir. 2022) ("[A] conclusion on the merits of [a trial counsel IAC] claim under Strickland holds a petitioner to a higher burden than required in the Martinez procedural default context, which only requires a showing that the [trial counsel IAC] claim is 'substantial.'")). While review of trial counsel's actions in a Martinez prejudice analysis is conducted under a more relaxed standard, the Strickland standard is applied with full force when

[2] Habeas petitioners incarcerated in Nevada are required to raise IAC claims involving trial counsel in an initial state-postconviction petition, which is the initial collateral review proceeding for purposes of applying Martinez. See Rodney v. Filson, 916 F.3d 1254, 1259–60 (9th Cir. 2019).

considering the actions of initial postconviction review counsel for a Martinez cause analysis. See Leeds, 75 F.4th at 1022. The requirements of cause and prejudice are distinct but, "[t]he analysis of whether both cause and prejudice are established under Martinez will necessarily overlap," as "each considers the strength and validity of the underlying ineffective assistance claim.'" Ramirez v. Ryan, 937 F.3d 1230, 1241 (9th Cir. 2019). On all such issues, if reached, the court's review is *de novo*. See, e.g., Detrich v. Ryan, 740 F.3d 1237, 1246–48 (9th Cir. 2013); Atwood v. Ryan, 870 F.3d 1033, 1060 n.22 (9th Cir. 2017).

## III. DISCUSSION

### A. Ground One—Ineffective Assistance for Failure to Investigate

In Ground One, Mr. Trzaska alleges that his counsel rendered ineffective assistance because they failed to investigate the charges against him in the Auto Battery Case and inform him of defenses before advising him to take a plea deal. See ECF No. 21 at 12–14. In the Auto Battery Case, Mr. Trzaska was charged with removing eight car batteries from various junkyard vehicles. Xiomara Ferrera was appointed to represent Mr. Trzaska in this case.

Mr. Trzaska asserts that counsel failed to investigate whether the value of the car batteries exceeded $650 to support a conviction of grand larceny. He contends that, had the charges been properly investigated, the evidence would have supported a misdemeanor conviction, whether through a plea agreement or trial. Without a felony conviction, the State would not have been able to adjudicate Mr. Trzaska under a habitual criminal statute.

#### *i. Additional Background Information*

Mr. Trzaska was represented by multiple attorneys. Kambiz Shaygan, who testified at the postconviction evidentiary hearing in state district court, was appointed to represent Mr. Trzaska in the Moped Case. See ECF No. 30-13 at 6. Xiomara Ferrera represented him at the preliminary hearing in the Auto Battery Case, and Josie Bayudan represented him during the initial arraignment in the Auto Battery Case. Eventually, however, Mr. Shaygan took over the Auto Battery Case as well, because he had a good relationship with Mr. Trzaska. Id.

Mr. Shaygan testified that he advised Mr. Trzaska to accept the plea deal because Mr.

Trzaska had exposure to habitual criminal treatment. See id. at 7–8. Mr. Shaygan further testified that he was aware that Mr. Trzaska raised concerns related to the worth of the batteries. See id. at 12. When asked whether Mr. Shaygan felt like he addressed Mr. Trzaska's concerns, Mr. Shaygan answered: "I feel like we went over the evidence in the case and he decided that he wanted the negotiations based on my counsel." Id. at 13.

Mr. Shaygan also testified that it was his practice "if somebody had a lot of exposure and given what I do for a living and I see what happens in the courts on a day to day basis, I wouldn't be doing my job if I didn't advise my clients that it's a very realistic probability and it's something that you need to strongly, strongly, strongly consider if you are going to fight the case." Id. at 17.

In the guilty plea memorandum, Mr. Trzaska affirmed that he discussed the elements of the original charge against him with his attorney and that he understands the nature of the charge against him. See ECF No. 30-15 at 11. He affirmed that he discussed any possible defenses, defense strategies, and circumstances that may be in his favor with his attorney. See id.

*ii. State Court Determination*

On this issue, the Nevada Court of Appeals held:

> Trzaska claimed counsel failed to investigate his case and potential defenses. Trzaska failed to demonstrate counsel was deficient or resulting prejudice. Trzaska was given the opportunity at the evidentiary hearing to question counsel regarding any failure to investigate, and failed to do so. Further Trzaska failed to demonstrate what an investigation concerning the case or defenses would have revealed. See Molina v. State, 120 Nev. 185, 192 (2004) (a petitioner claiming counsel did not conduct an adequate investigation must show how a better investigation would have made a more favorable outcome probable). Therefore, we conclude the district court did not err by denying this claim.

ECF No. 22-24 at 5.

*iii. Standard for Valid Guilty Plea*

The federal constitutional guarantee of due process requires that a guilty plea be knowing, intelligent, and voluntary. See Boykin v. Alabama, 395 U.S. 238, 242 (1969). "The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The relevant inquiry is whether a petitioner's guilty plea was voluntary and intelligent under the totality of the

circumstances. See Alford, 400 U.S. at 31; Brady, 397 U.S. at 749.

If "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" Hill, 474 U.S. at 56 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)).

The Supreme Court has held "that the two-part Strickland v. Washington test applies to challenges to guilty pleas based on ineffective assistance of counsel." Id. at 58. The deficient-performance prong remains the same. See id. at 58–59. But the prejudice-prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Id. at 59. So "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id.

*iv. Analysis*

The Court denies relief for Ground One. The appellate court's determination that Mr. Trzaska failed to meet the Strickland standard was reasonable. The state supreme court's determination is neither contrary to nor constitutes an unreasonable application of federal law, as determined by the Supreme Court, and is not based on any unreasonable determinations of fact.

While counsel's failure to investigate may constitute ineffective assistance in some cases, see, e.g., White v. Ryan, 895 F.3d 641, 666–70 (9th Cir. 2018), the Court finds that relief on Ground One is not warranted because Mr. Trzaska has failed to demonstrate resulting prejudice. Rather, the evidence demonstrates that Mr. Trzaska voluntarily and intelligently entered into the global plea agreement as the best choice "among the alternative courses of action" open to him. Hill, 474 U.S. at 56.

The state supreme court pointed out that Mr. Trzaska had not definitively proven that the battery values were below $650, and, given the grave consequences of losing at trial, Mr. Trzaska failed to show he would have "insisted on going to trial." Hill, 474 U.S. at 59. Indeed, Mr. Shaygan testified that he did not tell Mr. Trzaska that he "better take" the plea agreement, but rather that the exposure reduction was something Mr. Trzaska should strongly consider. See ECF No. 30-13

at 17. And, in exchange for pleading guilty, Mr. Trzaska did receive the benefit of reduced exposure at sentencing. See Padilla v. Kentucky, 599 U.S. 356, 372 (2010) ("[P]etitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances."). It was not unreasonable to find that Mr. Trzaska would have entered into the plea agreement, given this risk. Accordingly, Mr. Trzaska is denied federal habeas relief for Ground 1.

### B. Ground Two—Ineffective Assistance for Failure to Argue Original Plea Negotiations

The Court denies relief for Ground Two because Mr. Trzaska cannot overcome the procedural default. Mr. Trzaska has failed to demonstrate that this underlying ineffective assistance of counsel claim is substantial as defined by Martinez, 566 U.S. at 14, because he has not demonstrated resulting prejudice under Strickland.

In Ground Two, Mr. Trzaska alleges that counsel was ineffective for failing to argue that the State should still honor the original plea negotiations in the Auto Battery Case. The trapdoor plea agreement provision of the Auto Battery Case plea agreement provides as follows:

> I understand and agree that, if I fail to interview with the Department of Parole Probation, fail to appear at any subsequent hearings in this case, or an independent magistrate, by affidavit review, confirms probable cause against me for new criminal charges including reckless driving or DUI, but excluding minor traffic violations, that the State will have the unqualified right to argue for any legal sentence and term of confinement allowable for the crime(s) to which I am pleading guilty, including the use of any prior convictions I may have to increase my sentence as an habitual criminal to FIVE (5) to TWENTY (20) years, life without the possibility of parole, life with the possibility of parole after TEN (10) years, of a definite TWENTY-FIVE (25) year term with the possibility of parole after TEN (10) years.

ECF No. 22-4 at 3. Mr. Trzaska asserts that he did not violate the provision for failing to appear at the December 16, 2023, status check because (1) he was already in police custody in Utah, and (2) that hearing was solely a status check regarding errors in the presentence investigation report. Mr. Trzaska contends that counsel should have argued that he did not violate the plea agreement because the failure to appear was beyond his control, and the purpose of the provision was only to ensure that Mr. Trzaska did not abscond from his actual sentencing hearing. Mr. Trzaska further contends that he did not violate the plea agreement provision by pleading

guilty to misdemeanor criminal mischief in Utah, and that there is no indication that the State offered proof that an independent magistrate in Utah confirmed new criminal charges against him.

However, Mr. Trzaska ultimately fails to demonstrate resulting prejudice. Even assuming, *arguendo*, that defense counsel's performance was deficient, Mr. Trzaska cannot demonstrate that there is a reasonable probability of a different outcome. The Auto Battery Case plea agreement was binding on Mr. Trzaska because he entered it knowingly, voluntarily, and intelligently. See *supra*, III.A.iv. The trapdoor provision in the agreement allowed the State to adjudicate Mr. Trzaska under the habitual criminal statue if he failed to appear at "any subsequent hearings in this case" or if a magistrate "confirm[ed] probable cause against [him] for new criminal charges." ECF No. 22-4 at 3. Due to deeply tragic circumstances, Mr. Trzaska both failed to appear and received new criminal charges from a magistrate. Unfortunately, the language of the agreement did not permit a "failure to appear" that was 'justified' or 'reasonable.' The state was thus allowed under the language of the agreement to argue for a sentence under the habitual criminal statute. Even if counsel had brought those unfortunate circumstances to the district court's or the district attorney's attention, Mr. Trzaska still would have been adjudicated under the habitual criminal statute for his failure to appear. See ECF No. 30-13 at 87 (the state district court noting that, "either way," a bench warrant would have issued).

Because Trzaska's claim is not substantial, he fails to overcome the procedural default of Ground Two. Thus, Ground Two is dismissed as procedurally defaulted.

### C. Ground Three—Ineffective Assistance for Failure to Challenge Defective Notice

The Court denies relief for Ground Three because Mr. Trzaska cannot overcome the procedural default. Mr. Trzaska has failed to demonstrate that this underlying ineffective assistance of counsel claim is substantial as defined by Martinez, 566 U.S. at 14, because he has not demonstrated resulting prejudice under Strickland.

In Ground Three, Mr. Trzaska alleges that counsel rendered ineffective assistance for failure to challenge the State's defective notice to seek habitual offender treatment for the Auto Battery Case. See ECF No. 21 at 17. At the sentencing hearing, the notice of intent to seek habitual

offender enhancement filed in the Auto Battery Case incorrectly provided that Mr. Trzaska pled guilty to possession of a stolen vehicle. He actually pled guilty to grand larceny.

Here, Mr. Trzaska fails to demonstrate a reasonable probability of a different outcome, but for counsel's deficiency. The judgment of conviction provides that the state district court imposed the habitual criminal enhancement based on the grand larceny charge. See ECF No. 22-11. The prosecution presented two correct prior judgments to the state district court at sentencing to argue for habitual criminal enhancement. On this record, Mr. Trzaska has not shown a reasonable probability that a different outcome would have resulted if counsel had challenged the State's defective notice. Because Mr. Trzaska cannot demonstrate prejudice, his claim is not substantial, and he fails to overcome the procedural default of Ground Three. Ground Three is dismissed as procedurally defaulted.

### D. Ground Four—Ineffective Assistance for Failure to Challenge Habitual Offender Treatment as Cruel and Unusual Punishment

The Court denies relief for Ground Four because Mr. Trzaska cannot overcome the procedural default. Mr. Trzaska has failed to demonstrate that this underlying ineffective assistance of counsel claim is substantial as defined by Martinez, 566 U.S. at 14, because he has not demonstrated resulting prejudice under Strickland.

In Ground Four, Mr. Trzaska alleges that counsel rendered ineffective assistance for failure to challenge the sentence as cruel and unusual under the Eighth Amendment. See ECF No. 21 at 18. Mr. Trzaska's counsel did not object to the imposition of a 5- to nearly 16-year sentence as disproportionate to the crime of taking car batteries from junkyards, given that Mr. Trzaska's noticed prior convictions were non-violent and dated. Mr. Trzaska thus asserts that, had counsel objected on Eighth Amendment grounds, the sentencing court would have exercised its discretion differently.

Even if Mr. Trzaska were able to demonstrate that counsel's performance was deficient, his claim would nonetheless fail for lack of resulting prejudice. In non-capital cases, a court must first compare the gravity of the offense with the severity of the sentence to determine whether it is one of the "rare" cases which leads to an inference of gross disproportionality. Graham v. Fla., 560

U.S. 59–60 (2010). The Supreme Court has stated that "[r]eviewing courts . . . should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as the discretion that trial courts possess in sentencing convicted criminals." Solem v. Helm, 463 U.S. 277, 290 (1983). Generally, as long as the sentence imposed does not exceed statutory limits, it will not be overturned on Eighth Amendment grounds. See United States v. Parker, 241 F.3d 1114, 1117 (9th Cir. 2001).

Mr. Trzaska does not argue that his sentence falls outside the parameters of the relevant state laws. Given the heavy deference afforded to sentencing courts, the Court does not find a reasonable probability of a different result had counsel objected to the sentence as cruel and unusual under the Eighth Amendment. As such, Mr. Trzaska has not demonstrated prejudice under Strickland, and this claim is not substantial under Martinez. Ground Four is dismissed as procedurally defaulted.

### E. Ground Five—Ineffective Assistance re: Failure to Challenge Unnoticed Convictions or the Staleness of a Conviction

The Court denies relief for Ground Five because Mr. Trzaska cannot overcome the procedural default. Mr. Trzaska has failed to demonstrate that this underlying ineffective assistance of counsel claim is substantial as defined by Martinez, 566 U.S. at 14, because he has not demonstrated resulting prejudice under Strickland.

In Ground Five, Trzaska alleges that counsel rendered ineffective assistance for failure to challenge three convictions from foreign jurisdictions that the prosecution failed to notice. In addition, he alleges that counsel did not object to the prosecution's use of a 2000 conviction in Nevada for attempt grand larceny, which related to an incident occurring in 1999. See ECF No. 21 at 19. Mr. Trzaska argues that, had counsel objected to the improper use of such judgments of convictions, there is a reasonable probability that the state district court would not have sentenced him under the small habitual criminal statute.

However, at sentencing, the prosecution argued for large habitual criminal adjudication based on Mr. Trzaska's extensive criminal history, recidivism, and that Mr. Trzaska was not going "to be deterred by traditional punishment ranges from committing additional crimes in the future."

See ECF No. 28-41 at 5. Further, the prosecution submitted more than three judgments of conviction for Nevada felonies. Even if counsel had challenged the unnoticed convictions and the 2000 conviction, there is no reasonable probability that the sentencing court would have sentenced Mr. Trzaska differently.

Mr. Trzaska has not demonstrated a reasonable probability that the results of the penalty phase would have been different under Strickland, and this claim is not substantial under Martinez. Ground Five is dismissed as procedurally defaulted.

## IV. CERTIFICATE OF APPEALABILITY

This is a final order adverse to Petitioner. Rule 11 of the Rules Governing Section 2254 Cases requires the Court to issue or deny a certificate of appealability ("COA"). Under 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893, 893 n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether this Court's procedural ruling was correct. Id.

Therefore, I have *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. See 28 U.S.C. § 2253(c); Turner v. Calderon, 281 F.3d 851, 864–65 (9th Cir. 2002). While this case presents some compelling and unfortunate facts, the Court does not find a legal basis for a certificate of appealability to issue.

## V. Motion to Extend

Petitioner seeks an extension of time to file his reply in support of his Petition. See ECF No. 55. The Court finds that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant Petitioner's motion.

///

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner Edward Seth Trzaska's First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's motion to extend time (ECF No. 55) is **GRANTED** *nunc pro tunc*.

The Clerk of the Court is kindly directed to substitute Nevada Board of Parole for Respondent State of Nevada, enter judgment accordingly, and close this case.

**DATED:** September 28, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**